Lara v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-173-CR

     JORGE ISMAEL LARA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 204th District Court
Dallas County, Texas
Trial Court # F93-69639-Q
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      A jury found Jorge Lara guilty of possession of a controlled substance with intent to deliver
and assessed punishment of ten years' incarceration, probated for ten years, and a $15,000 fine. 
See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (e) (Vernon 1992 &
Supp. 1995). Although Lara appealed from his conviction, on August 18, 1995, he filed a motion
to dismiss his appeal. 
      In the relevant portion, Rule 59 of the Texas Rules of Appellate Procedure states:
(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Tex. R. App. P. 59(b).
      Lara and his attorney have both signed the motion, as required by the rule. See id. We have
not issued a decision in this appeal. Thus, his motion is granted.
      Lara's appeal is dismissed.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed August 31, 1995
Do not publish 



; We affirmed Burleson’s conviction by opinion dated August 28, 2002. Burleson v. State, No.
10-00-361-CR, 2002 Tex. App. LEXIS 6259 (Tex. App.—Waco Aug. 28, 2002, no pet. h.). 
After we extended the time for filing a motion for rehearing, Burleson filed a pleading entitled
“Defendant’s Waiver of Further Appellate Rights” (hereinafter, the “motion”). In the motion,
Burleson expresses a desire to withdraw her notice of appeal.
      Rule of Appellate Procedure 42.2(b) provides:
After the court of appeals hands down its opinion, an appellant may not withdraw
the notice of appeal unless the other parties consent and the court of appeals approves the
withdrawal. If consent and approval are obtained, the appellate opinion must be
withdrawn and the appeal dismissed. The appellate clerk must send notice of the
dismissal to the trial court clerk. 

Tex. R. App. P. 42.2(b).
      The State indicated its consent to Burleson’s withdrawal of her notice of appeal by signing the
motion. The motion indicates that the State will recommend that the trial court delete the 180-day
confinement condition of Burleson’s community supervision in exchange for withdrawal of the
notice of appeal.
      We approve the post-opinion withdrawal of Burleson’s notice of appeal. See Tex. R. App.
P. 42.2(b). We withdraw the opinion and judgment dated August 28, 2002. We substitute this
opinion and the judgment of even date herewith for them. We dismiss Burleson’s appeal. 
Pursuant to Rule 42.2(b), the Clerk of this Court will send notice of this dismissal to the district
clerk. Id.
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed December 31, 2002
Publish
[CR25]